UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **NIJAT TAGHIZADE**, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CAFE ISTANBUL, INC. and EROL GIRGIN**,<br><br>Defendants. | Case No.:<br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Nijat Taghizade, individually and on behalf of all others similarly situated ("Plaintiff" and "Collective Action Members"), hereby brings this Fair Labor Standards Act ("FLSA") Complaint against Defendants Cafe Istanbul, Inc. and Erol Girgin (collectively "Defendants"), and alleges as follows:

### I.   INTRODUCTION AND NATURE OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-19, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-62 (collectively, the "FLSA").

2. Defendant Cafe Istanbul, Inc. ("Cafe Istanbul") is a restaurant in Plano, Texas, that serves Turkish and middle-eastern cuisine for customers dining in or ordering online for pickup.

3. Defendant Erol Girgin ("Girgin") is the owner, founder, and registered agent of Cafe Istanbul.

4. Plaintiff and the Collective Action Members are or were non-exempt employees who worked as servers and cooks in Defendants' restaurant. Plaintiff and the Collective Action Members were responsible for assisting customers, taking orders, bussing tables, cleaning the restaurant, running food, and other related tasks or for preparing and cooking food, cleaning, and other related tasks. Plaintiff and similarly situated employees were frequently paid below minimum wage, worked more than forty hours per week and were not compensated at a rate of one and one-half times their normal rate, or both. When they worked over forty hours in a

workweek, which happened frequently, Plaintiff and similarly situated employees were eligible to receive overtime wages.

5. Defendants credited tips toward the wages of Plaintiff and similarly situated employees. During their working hours, Plaintiff and similarly situated employees frequently engaged in non-tipped work or related non-tip-producing work for periods that exceeded twenty percent of their workweeks or for continuous periods of more than thirty minutes.

6. Plaintiff and similarly situated employees were not paid the tipped minimum wage during weeks which consisted of at least eighty percent tip-producing work and were not paid the regular minimum wage for hours which consisted of non-tip-producing work in excess of twenty percent of a workweek or for continuous periods of thirty minutes or more.

7. Plaintiff and similarly situated employees frequently worked more than forty hours in a workweek. During weeks in which Plaintiff and the Collection Action Members worked more than forty hours they were not paid overtime wages.

8. Defendants frequently took portions of tips received by Plaintiff and similarly situated employees and retained those portions without distributing them to tipped employees.

9. Defendants' policies and/or practices with regard to Plaintiff and similarly situated employees violated the FLSA.

10. In hours in which Plaintiff and similarly situated employees were paid below the applicable minimum wage, which occurred frequently, this resulted in violations of the FLSA's minimum wage provisions under 29 U.S.C. § 206.

11. In workweeks in which Plaintiff and similarly situated employees worked greater than forty hours in a workweek they were not paid overtime wages. This resulted in violations of the FLSA's overtime provisions under 29 U.S.C. § 207. Because Plaintiff and the Collective Action Members were typically paid near or below the applicable minimum wage, this resulted in further violations of the FLSA's minimum wage provisions under 29 U.S.C. § 206.

12. When Defendants took portions of those tips received by Plaintiff and similarly situated employees and retained those portions without distributing them to tipped employees, this resulted in violations of the FLSA's minimum wage provisions under 29 U.S.C. §§ 203 & 207.

13.    Plaintiff seeks all damages available under the law, including unpaid wages, liquidated damages, penalties, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.    THE PARTIES

### A.  Plaintiff Nijat Taghizade

14.    Plaintiff Nijat Taghizade is an individual who was employed by Defendants within the meaning of the FLSA and during the statutory period.

15.    Plaintiff was a server employee of Defendants at 7300 Lone Star Drive, Suite C160, Plano, Texas 75204. He was employed beginning in November 2019 and his employment ended in February 2021.

16.    Plaintiff's consent to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

### B.  Putative Collective Action Members

17.    Plaintiff bring this action on behalf of himself and on behalf of other similarly situated workers nationwide as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff seeks to conditionally certify a collective action composed of the putative Collective Action Members defined as follows:

> All current and former non-exempt cook or server employees, or employees with substantially the same job duties as those cook or server employees who worked for Defendants at any location in the United States within the three years prior to the filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's policy and/or practice of failing to pay applicable overtime or minimum wages or wrongfully appropriating tips of such employees.

18.    Plaintiff reserves the right to refine the definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

19.    Plaintiff seeks to represent the putative Collective Action Members for damages due to unpaid minimum wage and overtime violations pursuant to the FLSA. Plaintiff is similarly situated to the putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

### C.  Defendant Cafe Istanbul, Inc.

20. Defendant Cafe Istanbul, Inc. ("Cafe Istanbul") is a corporation formed under the laws of the State of Texas with its principal place of business located at 7300 Lone Star Drive, Suite C160, Plano, Texas 75204. Cafe Istanbul is a citizen of the State of Texas.

21. Cafe Istanbul may be served with process through its registered agent, Erol Girgin, located at 5450 West Lovers Lane, Suite 222, Dallas, Texas 75209.

22. At all times relevant to this lawsuit, Cafe Istanbul has been an "enterprise engaged in commerce" as defined by the FLSA.

23. At all times relevant to this lawsuit, Cafe Istanbul has employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced by commerce by any person.

24. On information and belief, at all times relevant to this lawsuit, Cafe Istanbul has had gross operating revenues or business volume in excess of $500,000.

### D. Defendant Erol Girgin

25. Defendant Erol Girgin ("Girgin") is an individual who, on information and belief, is a resident of, is domiciled in, and is a citizen of the State of Texas.

26. Girgin is the owner, proprietor, and registered agent of Cafe Istanbul.

27. Girgin may be served with process at 5450 West Lovers Lane, Suite 222, Dallas, Texas 75209.

28. At all times relevant to this lawsuit, Girgin acted directly and indirectly in the interest of Cafe Istanbul in relation to Plaintiff and the putative Collective Action Members.

29. At all times relevant to this lawsuit, Girgin was and is a representative of Cafe Istanbul who possessed significant ownership interests and operational control over it.

30. At all times relevant to this lawsuit, Girgin was and is capable of causing Cafe Istanbul to violate the FLSA and had control over significant aspects of the company's operations.

31. Girgin is jointly and severally liable with Cafe Istanbul for all damages arising from the events and violations described herein.

### III.   JURISDICTION AND VENUE

32. This Court has federal question jurisdiction over all claims pursuant to 29 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

33. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District. 28 U.S.C. § 1391(b)(2).

## IV.  COVERAGE

34. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Collective Action Members.

35. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

36. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

37. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

38. At all times hereinafter mentioned, Plaintiff and the Collective Action Members were/are individuals employees who were engaged in commerce or in the production of good for commerce as required by 29 U.S.C. §§ 206-207.

## V.  FACTUAL BACKGROUND (APPLICABLE TO ALL CLAIMS FOR RELIEF)

39. Plaintiff and the Collective Members worked for Defendants as non-exempt cooks and server employees.

40. Plaintiff Kirmizi worked for Defendants as a cook employee preparing and cooking food and cleaning. Kirmizi's responsibilities may also include preparing appetizers, deserts, and entrees; cleaning up after chefs; preparing meats and other ingredients; preparing the kitchen and facilities for service; helping to create menus and recipes; and cleaning and shutting down the kitchen, facilities, and equipment, all of which are more specific tasks falling under Kirmizi's more general cooking, preparing, and cleaning job duties.

41. Plaintiff worked for Defendants as a server employee serving customers, bussing tables, bartending, cleaning, and preparing facilities. Plaintiff's responsibilities may also include

rolling silverware; wiping down tables and chairs; mopping floors; greeting guests; running food; cutting and preparing fruits, coffee, and other foodstuffs; preparing restaurant facilities for opening; and closing restaurant facilities upon the completion of a workday, all of which are more specific tasks falling under Plaintiff's more general service job duties.

42. All of the putative Collective Action Members were similarly classified as non-exempt employees and performed substantially similar job duties as Plaintiff.

43. Plaintiff Kirmizi worked for Defendants in the State of Texas from February 2009 to November 2020.

44. Kirmizi was paid by Defendant a fixed monthly sum below the minimum weekly salary which would exempt a salaried employee from overtime premium wages.

45. Kirmizi frequently worked at least seventy-two hours per workweek.

46. In weeks when Kirmizi worked more than forty hours per workweek, Defendants did not compensate him for the overtime premium wages to which he was entitled.

47. Plaintiff worked for Defendants in the State of Texas from November 2019 to February 2021.

48. Plaintiff was paid only in tips. He was not paid a cash wage by Defendant.

49. Plaintiff frequently spent more than twenty percent of each workweek performing non-tipped work or directly supporting, non-tip-producing work. He also frequently performed non-tipped work or directly supporting, non-tip-producing work for periods exceeding thirty minutes.

50. Plaintiff frequently worked more than forty hours per workweek.

51. In weeks when Plaintiff worked more than forty hours per workweek, Defendants did not compensate him for the overtime premium wages to which he was entitled.

52. Defendants frequently took money out of the tips of Plaintiff and other servers, he said, to pay to bussers who supported the servers. But Defendants took such provisions of money out of the tips of Plaintiff and other servers even on days when no busser was working. On information and belief, on days when one or more busser was working, they did not receive a sum equal to that which was taken from the tips of Plaintiff and other servers.

53. Defendants induced Plaintiff and other servers to surrender their tips by representing to them that they would be passed along as "busser fees"—a tip-out to bussers. Defendants made such representations even on days when no busser was on duty.

54. On information and belief, Defendants, on days when one or more bussers were working, retained a portion of tips taken from Plaintiff and other servers and kept that portion for himself. On days when no busser was working, Defendants retained the entirety of the tips taken by Plaintiff and other servers for himself.

55. On information and belief, Defendants knew that his representations that the total sum of tips taken from Plaintiff and other servers would be paid to bussers was false, and intended at the time he made these representations to retain all or some of those tips taken from Plaintiff and other servers.

56. On information and belief, Defendants made such representations with the intent that Plaintiff and other servers surrender a portion of their tips to him.

57. Plaintiff and other servers acted in reliance on these representations when they surrendered their tips to Defendants.

58. Defendants did not possess or employ a tip pooling policy and Plaintiff did not participate in a tip pool. No agreement existed between Defendants and Plaintiff or similarly situated employees relinquishing rights to these portions of their tips.

59. Plaintiff was not issued pay stubs during his employment for Defendants.

60. Because of Defendants' failure to pay cash wages to Plaintiff and similarly situated employees, and Defendants' seizure of a portion of Plaintiff's and other similarly situated employees' tips, Defendants failed to pay Plaintiff and other similarly situated employees minimum wages required by the FLSA.

61. Because of Defendants' failure to pay Plaintiff and other similarly situated employees premium overtime wages to which they were entitled, Defendants failed to pay them minimum wages required by the FLSA and violated the FLSA's overtime provisions.

62. Such violations were not limited to a particular pay period but occurred regularly throughout Plaintiff's tenure with Cafe Istanbul. Similar violations occurred with respect to other Plaintiff and the putative Collective Action Members.

63. As a result of these violations, Plaintiff and the Collective Action Members are entitled not only to their back wages, but also to an equal amount of those back wages as liquidated damages and other relief including attorneys' fees.

64. On information and belief, this policy or practice of Defendants not to pay appropriate overtime and minimum wages was uniformly and consistently applicable to all of its cook and server employees.

65. Defendants willfully did not pay Plaintiff and the putative Collective Action Members sums due to them under the FLSA at the time of their separation from employment with Cafe Istanbul.

66. Defendants either knew or should have known that Plaintiff was not paid required overtime and minimum wages.

67. Defendants have not paid any statutorily-prescribed penalty for their failure to pay appropriate overtime and minimum wages.

68. Defendants regularly communicated with Plaintiff and the putative Collective Action Members via text messages and emails.

## VI. FLSA CLAIMS FOR MINIMUM WAGE, STRAIGHT TIME COMPENSATION, AND OVERTIME PAY

69. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

### A. FLSA Allegations

70. The FLSA applies to Plaintiff and the putative Collective Action Members because they worked as non-exempt server and cook employees of Defendants.

71. At relevant times, Plaintiff and the putative Collective Action Members were employees of Defendants pursuant to the FLSA.

72. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one and one half times their regular rates of pay for which they were employed or by failing to pay minimum wages to such employees. Defendants have acted willfully in failing to pay Plaintiff and the Collective Action Members in accordance with the law.

73. Dozens of non-exempt cook and server employees worked for Defendants in connection with its restaurant enterprise during the three years preceding the filing of this action.

74. During the relevant time period, Plaintiff and other putative Collective Action Members were required to perform work that was not compensated for by Defendants with cash wages and performed non-tipped work or directly supporting non-tip-producing work in excess of twenty percent of workhours in many workweeks or in excess of thirty consecutive minutes.

75. Defendants' failure to pay appropriate cash wages for tipped; non-tipped; and directly supporting, non-tip-producing work, violated the FLSA's minimum wage provisions. 29 U.S.C. §§ 206(a) & 203(m)(2)(A); 29 C.F.R. § 10.28(a)-(b).

76. During the relevant time, Defendants took money from the tips of Plaintiff and other putative Collective Action Members and retained them without distributing the full amount of these tips taken to other tipped employees.

77. Defendants' taking of tips from Plaintiff and other putative Collective Action Members violated the FLSA's minimum wage provisions by further pushing their wages below the federal minimum, 29 U.S.C. §§ 206(a) & 203(m)(2)(A); 29 C.F.R. § 10.28(a)-(b), and violated the FLSA's tip credit provisions, 29 U.S.C. § 203(m)(2)(B); 29 C.F.R. § 10.28(e).

78. During the relevant time period, Plaintiff and the putative Collective Action Members were not exempt from the overtime provisions of the FLSA. 29 U.S.C. §§ 207 & 213; 29 C.F.R. §§ 10.24 & 541.

79. Plaintiff frequently worked more than forty hours in a workweek. During weeks when Plaintiff worked more than forty hours in a workweek, Defendants did not compensate Plaintiff at the overtime premium wage rate of time-and-one-half.

80. Defendants' refusal to compensate Plaintiff at overtime premium wages violated the FLSA's overtime provisions. 29 U.S.C. § 207.

81. Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name; social security number; occupation; time of day and day of week on which the workweek begins; regular hourly rate of pay for any week in which overtime pay is due; hours worked each workday and total hours worked each workweek; total daily or weekly straight time earnings; total premium pay for overtime hours; total wages paid each pay period and date of payment and pay period covered by the payment; and records of remedial payments. 29 C.F.R. §

516(a) & (b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

82. Plaintiff and other putative Collective Action Members were not issued pay stubs during their employment by Defendants. Because of Defendants' failure to pay cash wages and overtime premium wages to Plaintiff and the putative Collective Action Members, Defendants have failed to keep accurate records pursuant to the foregoing requirements.

83. Plaintiff and the Collective Action Members specifically plead recovery for the three years preceding the filing of this Complaint.

84. Because Defendants did not make a good faith effort to comply with the requirements of 29 U.S.C. § 260, Plaintiff and Collective Action Members are entitled to liquidated damages.

85. Plaintiff and the Collective Members are entitled to recovery all reasonable attorneys' fees and costs incurred in this action.

B. **Collective Action Allegations**

86. Plaintiff seek to bring their claims under the FLSA on behalf of themself and all other non-exempt cook and server employees who Defendants failed to pay adequate overtime or minimum wages in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on which final judgement is entered. Those who file a written consent will be party to this action pursuant to 29 U.S.C. § 216(b).

87. Plaintiff has actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiff worked with other non-exempt cook and server employees who similarly did not receive proper overtime and minimum wage compensation. This resulted in personal knowledge of the treatment of their co-workers during their employment with Defendant. Furthermore, other non-exempt cook and server employees have shared with Plaintiff that they experienced similar pay violations as those described in this Complaint.

88. The putative Collective Action Members are similarly situated to Plaintiff in all relevant respects, having worked on behalf of Defendants as employees, receiving no cash wages, not retaining the full amount of tips paid to them, and not receiving owed overtime compensation.

89. Like Plaintiff, the putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

90. Defendants' failure to pay minimum wages and overtime compensation to non-exempt cook and server employees results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

91. The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

92. Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

93. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> All current and former non-exempt cook or server employees, or employees with substantially the same job duties as those cook or server employees who worked for Defendants at any location in the United States within the three years prior to the filing of this Complaint through the date of the final disposition of this action who were denied compensation due to Defendant's policy and/or practice of failing to pay applicable overtime or minimum wages or wrongfully appropriating tips of such employees.

94. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay proper compensation with respect to Plaintiff and the Collective Action Members.

95. The Collective Action Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

96. Absent this action, many members of the Collective likely will not obtain redress of their injuries and Defendants will retain the proceeds resulting from the FLSA violations.

## VII.  JURY DEMAND

97. Plaintiff hereby requests a trial by jury of all issues triable by jury.

## VIII.  DAMAGES AND PRAYER

98. WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

a. For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to Collective Action Members;

b. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

c. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

d. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

e. For and Order awarding Plaintiff (and those who may join in the suit) pre- judgment and post-judgment interest at the highest rates allowed by law; and

f. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Katherine Serrano*
Katherine Serrano
Texas Bar No. 24110764
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
kserrano@foresterhaynie.com

***COUNSEL FOR PLAINTIFF***

**CERTIFICATE OF SERVICE**

This is the Original Complaint. Service of this Complaint will be made to Defendants with summons to be issued by the clerk in accordance with the Federal Rules of Civil Procedure.

*/s/ Katherine Serrano*
Katherine Serrano